IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CONSUELO POSSO,                )
                               )
        Plaintiff,             )
                               )
    v.                         )    No. 07 C 4024
                               )
                               )
ASTA FUNDING INC.,             )
                               )
        Defendant.             )

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant ASTA Funding Inc.'s ("ASTA") motion for judgment on the pleadings. For the reasons stated below, we grant ASTA's motion.

# BACKGROUND

Plaintiff Consuelo Posso ("Posso") alleges that, during 2003, she contracted with AT&T Wireless ("AT&T") to provide her with cellular telephone service. Posso alleges that she accumulated a debt to AT&T in the amount of $4,642.93 ("Debt"). Posso alleges that ASTA purchased the debt from AT&T in December 2004 and became her creditor regarding the Debt. On March 28, 2006, a lawsuit was

1

allegedly filed against Posso, on behalf of ASTA, in the Circuit Court of Cook County, to collect the Debt. Subsequently, the parties allegedly reached a settlement of the Debt whereby the lawsuit would be dismissed with prejudice in exchange for a single payment of $2,300.00 ("Settlement"). Posso alleges that the Settlement required her to pay $2,342.93 less than the original amount of the Debt, which was allegedly $4,642.93. Posso alleges that on May 5, 2006, she made a payment of $2,300.00 and that the remainder of her debt was cancelled. Posso alleges that ASTA was not awarded reimbursement for any court costs or interest by either the state court or as part of the Settlement.

Posso alleges that several months after the Settlement and the cancellation of her debt, ASTA issued an Internal Revenue Service FORM 1099-C ("Tax Form") to the Internal Revenue Service ("IRS") and to Posso. Posso alleges that the Tax Form represented that ASTA had cancelled the Debt for Posso in the amount of $3,226.04. Posso alleges that this representation was false since the amount of the debt actually cancelled was allegedly $2,342.93. Thus, Posso alleges that the Tax Form had inflated the cancelled debt by $883.11. Posso alleges that the inflated representation by ASTA to the IRS caused an increase in Posso's personal tax liability.

Posso alleges that, by issuing the Tax Form, ASTA communicated inaccurate credit information which was known or which should have been known to be false. In a one-count complaint, Posso claims that ASTA's actions violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.* ("FDCPA"). ASTA brings the instant motion for judgment on the pleadings claiming that its actions could not have

been in violation of the FDCPA since the Debt had already been collected.

## LEGAL STANDARD

A party is permitted under Federal Rule of Civil Procedure 12(c) to move for judgment on the pleadings after the parties have filed the complaint and the answer. Fed. R. Civ. P. 12(c); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The courts apply the Rule 12(b) motion to dismiss standard for Rule 12(c) motions and thus the court may "grant a Rule 12(c) motion only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" *Id.* (quoting *Craigs, Inc. v. General Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993)). The court, in ruling on a motion for judgment on the pleadings, must "accept as true all well-pleaded allegations," *Forseth v. Village of Sussex*, 199 F.3d 363, 364 (7th Cir. 2000), and "view the facts in the complaint in the light most favorable to the nonmoving party. . . ." *Northern Indiana Gun & Outdoor Shows, Inc.*, 163 F.3d at 452(quoting *GATX Leasing Corp. v. National Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir. 1995)). The main difference between a Rule 12(b) motion and a Rule 12(c) motion is that a Rule 12(b) motion may be filed before the answer to the complaint is filed, whereas, a Rule 12(c) motion may be filed "after the pleadings are closed but within such time as not to delay the trial." *Id.* n.3.

A court may rule on a motion for judgment on the pleadings under Rule 12(c) based upon a review of the pleadings alone. *Id.* at 452. The pleadings include the

complaint, the answer, and any written instruments attached as exhibits, such as affidavits, letters, contracts, and loan documentation. *Id.* at 452-53. In ruling on a motion for judgment on the pleadings, a "district court may take into consideration documents incorporated by reference to the pleadings . . . [and] may also take judicial notice of matters of public record." *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991). If the court considers matters outside the pleadings, the court should convert the motion for judgment on the pleadings into a motion for summary judgment. *Northern Indiana Gun & Outdoor Shows, Inc.*, 163 F.3d at 453 n.5.

## DISCUSSION

Posso argues that by issuing the Tax Form, ASTA violated 15 U.S.C. § 1692e ("Section 1692e"), which prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e provides examples of prohibited conduct in subsequent subsections without limiting its application to such examples. *Id.* Posso claims that ASTA's action in issuing the Tax Form qualifies as generally prohibited conduct under Section 1692e and explicitly prohibited conduct under two of the examples provided in subsections following Section 1692e. First, Posso claims that ASTA's action constituted "[t]he false representation of . . . the character, amount or legal status of any debt." 15 U.S.C. § 1692e(2)(A) ("Section 1692e(2)(A)"). Second, Posso claims that ASTA's action was an act of "communicating or

4

threatening to communicate to any person credit information which is known or which should be known to be false, including failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8) ("Section 1692e(8)").

We note that Posso characterizes her claims as allegations of the violations of "three sections of the FDCPA," presumably referring to Sections 1692e, 1692e(2)(A), and 1692e(8) separately. (Ans. 3). Some courts have chosen to treat the subsections of Section 1692e as separate claims. *See e.g., Miller v. Javitch, Block & Rathbone, L.L.P.*, 397 F.Supp.2d 991, 1000-01 (N.D. Ind. 2005). However, the language of Section 1692e clearly states that Section 1692e(2)(A) and Section 1692e(8) are non-exhaustive *examples* of unlawful conduct under Section 1692e. *See* 15 U.S.C. 1692e (stating that "[w]ithout limiting the general application to the foregoing, the following [conduct described in subsections] is a violation of [Section 1692e]"). Thus, we will treat Posso's claim as an allegation of a single violation of Section 1692e. However, if Posso can state a claim under either Section 1692e(2)(A) or Section 1692e(8), it would be deemed to be a stated claim for a violation under Section 1692e.

Section 1692e limits its prohibition to actions by debt collectors "in connection with the collection of any debt." 15 U.S.C. § 1692e (emphasis added). In her complaint, Posso makes it clear that ASTA issued the Tax Form *after* the Settlement cancelled the Debt. (Compl. Par. 31). Thus, at the outset, we must resolve the issue of whether Section 1692e of the FDCPA can be applied to actions

5

by creditors *after* an intervening act such as a settlement has cancelled the debt and has terminated debt collection process. In its motion for judgment on the pleadings, ASTA asserts that even if the Tax Form did falsely inflate the value of the cancelled debt, it could not have been a violation of Section 1692e since the Settlement had terminated the Debt and the issuing of the Tax Form could not be considered in connection to an attempt to collect on the no-longer-existing Debt. (MJP Mem. 3-9). We agree.

Neither party has pointed to Seventh Circuit precedent regarding the question of whether post-debt collection conduct by a debt collector could be considered to be "in connection with the collection of any debt" for the purposes of Section 1692e. However, it is evident from the plain language and the purpose of the FDCPA that Congress did not intend post-debt collection actions that are in no way related to an attempt to recover a debt, such as the alleged conduct in this case, to be covered under Section 1692e.

Congress enacted the FDCPA to address what they viewed to be "abundant evidence of the use of abusive, deceptive, and unfair *debt collection practices* by debt collectors." 15 U.S.C. § 1692(a)(emphasis added). Congress' stated purpose for enacting the FDCPA was to "eliminate *abusive debt collection practices* by debt collectors." 15 U.S.C. § 1692(e). In its stated purpose for enacting the FDCPA, Congress said nothing in regard to the actions by debt collectors *after* debts have been satisfied and debt collection proceedings have concluded. It is evident from the

Congressional findings and declaration of purpose section of the FDCPA, that Congress intended the FDCPA to address *ongoing* debt collection processes. This is consistent with the language of Section 1692e, which only prohibits debt-collector conduct "in connection with *the collection of a debt.*" 15 U.S.C. § 1692e (emphasis added).

When a debt is extinguished there is no debt and there can be no debt collection. Consequently, any action by a former debt-collector, however improper, could not be deemed to be "in connection" to a present debt collection proceeding. In this case, Posso's own complaint makes it abundantly clear that there was no debt collection proceeding and Posso had no obligation to ASTA at the time that ASTA issued the Tax Form. Posso's complaint states that the Settlement had been negotiated and finalized, the Settlement amount had been paid, the state court case against Posso had been dismissed, and the remainder of the debt had been cancelled, all *months* before ASTA allegedly issued the Tax Form. (Compl. Par. 23-31). Consequently, under the plain language of Section 1692e, ASTA's actions could not be considered an unlawful action "in connection" with the collection of Posso's Debt.

We note that, even though ASTA's alleged conduct regarding the Tax Form is not prohibited under the FDCPA, Congress did not leave Posso without remedy. If Posso's allegations are true, that ASTA inflated the amount of the cancelled debt on the Tax Form, she has other avenues of relief such as to dispute the amount of

cancelled debt with the IRS to reduce her unwarranted tax liability or to bring suit against ASTA under other provisions of law. Furthermore, if ASTA did falsely inflate the value of the cancelled debt, ASTA could be subject to penalties for false reporting under 26 U.S.C. §§ 6721-6724.

Posso argues that because the Tax Form allegedly had information relating to her debt, it constitutes conduct "in connection with the collection of [her] debt." (Ans. 13-14). However, such an argument ignores the obvious distinction between an action tangentially *related to the debt itself* and an action "in connection with the *collection of the debt*." 15 U.S.C. § 1692e (emphasis added). On the face of Posso's complaint, it is clear that the Debt had been collected and all of the issues relating to the Debt collection had been resolved long before ASTA allegedly issued the tax form. Posso states that if Section 1692e only covers actions related to ongoing collection proceedings then organizations such as ASTA would have "*carte blanche* permission to commit any violation the [sic] FDCPA if the consumer has paid part or all of the debt. . . ." (Ans. 14). We stress that debt collectors would certainly be covered under the FDCPA if only *part* of the debt had been paid and collection proceedings are still ongoing. We also note that, even when actions are not covered under the FDCPA, organizations would not have *carte blanche* to commit alleged acts that, as in this case, might otherwise be covered under another section of federal law. However, as is demonstrated by the language and purpose of the FDCPA, actions taken by former debt collectors that are after debt proceedings have

8

terminated, are unrelated to the ongoing collection of a debt, and are separated by an intervening act of settlement, do not fall under Section 1692e. Therefore, Posso has not stated a claim under Section 1692e or any of its subsections and ASTA is entitled to judgment on the pleadings.

Even if we were to find that there could be situations where the post-collection actions of a former debt collector could be covered under the FDCPA, it is abundantly clear on the face of Posso's complaint that the alleged actions of ASTA were not related to the collection of the Debt, rather they were related to the *contract* that settled her debt. In this case, the Settlement was an intervening act and it is clear that ASTA's alleged filing of the Tax Form was related to that intervening act and not "in connection to" the preceding debt collection. 15 U.S.C. § 1692e. Posso's complaint demonstrates that ASTA's tax form was issued for the purpose of providing the IRS with information regarding the debt it cancelled for the previous tax year. (Compl. Par. 31-32). This information relates not to the collection of the debt, but rather to the amount of the *debt cancelled* pursuant to the Settlement. (Compl. Par. 31-32). Thus, ASTA's alleged action is not covered under the explicit language of Section 1692e. 15 U.S.C. § 1692e. Therefore, we grant ASTA's motion.

## CONCLUSION

Based on the foregoing analysis, we grant ASTA's motion for judgment on the

pleadings.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 9, 2007

10